[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT R. BORELLI EXCAVATING'S MOTION FOR SUMMARY JUDGMENT
The defendant, R. Borelli Excavating (Borelli), has filed a Motion for Summary Judgement, dated August 11, 2000. The motion was argued before this Court on April 30, 2001.
Counsel for Borelli argued for summary judgment on the basis that the offending snowplow which is alleged to have caused injury to the plaintiff, Kenneth Donohue (Donohue), could not have been a Borelli snowplow, because Borelli snowplows are painted red and the plaintiff and Donahue and a witness reported that the offending snowplow was orange or yellow or a combination thereof. The color of the Town of North Haven snowplows and the State of Connecticut Department of Transportation snowplows are described as Omaha orange.
Counsel for defendants Donald White (White) and the Town of North Haven (the Town) argued in opposition to the motion for summary judgment, claiming that an issue of fact precludes the granting of Borelli's motion. Counsel emphasized that depositions revealed that the Donahue and the witness described the offending snowplow as being yellowish or orange color, or a combination of both yellow and orange (Donahue deposition at 13-14, 59-60) or either orangeish, or orange or yellow (Willocks deposition at 16, 45-46).
In his sworn deposition, Borelli testified that his two snowplows were painted. (Borelli's deposition. pp. 27-28). In Donohue's deposition, he denied that the offending snowplow was red. (Donahue's deposition, p. 14). However, Borelli admitted that his snowplows were equipped with sanders on the backs of the snowplows and that those sanders were painted yellow. (Borelli's deposition, pp. 27-28). Accordingly, there is an issue of fact as to whose snowplow the victim and the witness saw.
In a motion for summary judgment, the initial issue that must addressed is whether there is a genuine issue of material fact. In this motion, the burden of proof is borne by the movant. The movant has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Co., 245 Conn. 381, 713 A.2d 820 (1998). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v.United Technologies Corp., 233 Conn. 732, 751-52, 660 A.2d 810 (1995). (See last paragraph, last sentence.) A material fact is one that will make difference in the result of the case. Hammer v. Lumberman's MutualCT Page 6819Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).
The evidence must be viewed in light most favorable to the non-moving party. Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24,727 A.2d 204 (1999); Elliot v. Waterbury, 245 Conn. 385, 391 (1998). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381, 713 A.2d 820 (1998).
Borelli has failed to show the absence of a genuine issue of material fact. There is a factual dispute as to the identity of the offending snowplow. It could have been owned by Borelli, or by the Town, or by the State of Connecticut. Although Borelli's snowplows were painted red, they were carrying yellow sanders.
In viewing the evidence most favorably toward the Town and White, Borelli's effort must fail.
It is the order of the this Court that the Motion for Summary Judgment be DENIED.
Taylor, J.